Scofield, J.,
delivered the opinion of the court:
June 23,1864, the direct-tax commissioners for the State of Tennessee, under the Acts of Augusts, 1861 (12 Stat., 292), and *219 June 7,1862 (12 Stat., 422), sold, for the non-payment of direct taxes, a piece of land in Shelby County of that State. It was bid off by Hugh Canley for $85, to whom, on payment of his bid, a tax-sale certificate was issued.
The taxes, penalty, costs, and interest amounted to $5.42, leaving a surplus of $79.58 which was paid into the Treasury. For this surplus, the claimant made application at the Treasury Department January 23, 1883, but payment was refused April 12,1884.
In the last valuation under State authority, prior to secession, the land had been assessed as belonging to W. F. Dyer.
The claimant, in support of his title, offers the deposition of J. C. McDavitt, in which he testifies that he had examined the records of Shelby County, and found that a deed for this lot, dated May 27, 1859, in-favor of this claimant, had been recorded. He does not state by whom the deed had been executed, what title the vender had or claimed to have, nor when it was recorded. , He further. testifies that he found no(record - of a conveyance of this lot from the claimant prior to July 1, 1864.
The claimant also files a certificate from the register of the county stating in substance the same facts, and the additional fact that this record existed during the whole of 1864.
For anything that appears to the contrary in this case, the real owner of the land at the time of sale is entitled to recover the surplus. The claimant, however, has not shown, by any competent and satisfactory evidence, that he was the owner.
The petition is dismissed.